## PEOPLE v. KOLB.

### December, 1866.

Where a statute contemplates one offense, in the commission of which two classes of offenders may be engaged,—e. g., L. 1839, c. 13, imposing on managers of theatrial exhibitions, in New York, carried on without license, and on owners, &c. of buildings let therefor,—an offense by both is one and entire, and the penalty for one offense is single; and a complaint against both for a penalty states but one cause of acion.[*]

The People sued John Kolb and John Bechtel, in the New York superior court, to recover a penalty for opening a place

---

[*] For the construction of the act, see Society, &c. v. Diez, 10 Abb. Pr. N. S. 216. As to several penalties for a repeated act, see Sturgis v. Spofford, 45 N. Y. 447; Johnson v. Hudson River R. R. Co., 2 Sweeny, 298; reversed on other grounds in 49 N. Y. 550.

for theatrical exhibitions in the city of New York, without obtaining a license therefor from the mayor, in violation of L. 1839, c. 13.

The appellants furnished no appeal, book or points, on their part.

The act mentioned declares that, "No theater, circus, or building, garden or grounds, for exhibiting theatrical or equestrian performances, in the city of New York, shall be opened for such exhibitions, unless the manager or proprietor thereof shall first, and annually, obtain from the mayor of said city a license therefor; which license the said mayor is authorized to grant, to continue in force until the 1st day of May next ensuing the grant thereof. And every manager or proprietor neglecting to take out such license, or consenting or allowing such performance, without first taking out the same; and every owner or lessee of any building in said city, who shall lease or let out the same for the purpose of being occupied as such theater or circus, or building for exhibiting theatrical or equestrian performances, or shall assent that the same be so used for the purposes aforesaid, and the same shall have been so used by any manager or proprietor thereof, who shall not have previously obtained such license, shall be subjected to a penalty of $500 for every such neglect or omission; which penalty the Society for the Reformation of Juvenile Delinquents in said city are hereby authorized, in the name of the people of this State, to prosecute, sue for, and recover for the use of said society." Section 1.

The complaint stated, in substance, that a building in Fourth-street, in the city of New York (giving the street number), and known as the New York Volks Theater, has been opened since since November, 1860, without any license therefor having been first obtained from the mayor of the city of New York; that since November 1, theatrical performances have been exhibited repeatedly in said building with the knowledge and assent of the defendants; that the defendant Bechtel is, and was during such time, the owner or lessee of this building, and leased or let out the same to the defendant Kolb, for the purpose of being occupied during the time mentioned as such theater, and for exhibiting the said theatrical

performances therein, and assented to the said building being used for exhibiting therein; that the defendant Kolb has been, since November 1, 1860, and was, at the time such theatrical performances were so exhibited, and now is, the lessee from Bechtel of said building, and the manager and proprietor of the business of exhibiting theatrical performances therein; that the defendants, and each of them, have neglected to take out any license for exhibiting theatrical performances in said building, and have each of them consented and allowed such theatrical performances to be exhibited without first taking out such license, in violation and disregard of the act, &c. Wherefore the defendants have become subjected to a penalty of five hundred dollars for such neglect and omission as aforesaid, and for which penalty judgment is demanded.

The defendants demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action.

*The superior court,* at general term, overruled the demurrer, which had been sustained at special term; and from judgment for plaintiffs, defendants appealed.

*Waring & Sidell,* attorneys for defendants, appellants.

*Henry A. Cram,* attorney for plaintiffs, respondents;—Cited Rodgers *v.* Rodgers, 11 *Barb.* 595; Warren *v.* Doolittle, 5 *Cow.* 678; Palmer *v.* Conly, 4 *Den.* 374; affirmed in 2 *N. Y.* (2 *Comst.*) 182; Eldridge *v.* Bell, 12 *How. Pr.* 547; People *v.* Mayor, &c. of N. Y., 28 *Barb.* 248; Woodbury *v.* Sackrider, 2 *Abb. Pr.* 402; N. Y. & N. H. R. R. Co. *v.* Schuyler, 17 *N. Y.* 604; Hess *v.* Buffalo & N. Y. R. R. Co., 29 *Barb.* 391; *Code,* §§ 172, 173.

BY THE COURT.—WRIGHT, J. [After stating the facts.]— There is clearly no substance in the demurrer. The complaint shows a good cause of action against both defendants. This is so, even if there be any point (which there is not) in the position assumed at special term, that under the statute the manager of a theater, and the owner of the building in which theatrical representations are had, are guilty of different

offenses and liable to separate penalties. The allegations that the defendant Bechtel was owner, and the defendant Kolb lessee, and that they assented to the giving of theatrical performances in the building; that Bechtel owned the building, and that Kolb was manager of the performances, and that they both assented and consented to the performances, are sufficient to make out one cause of action against both defendants. If it even conceded that the additional averments in the complaint that Kolb was lessee, or that Bechtel let to Kolb for the purpose of giving theatrical representations, tend to show that the defendants are liable to separate penalties, these averments are not to be regarded on this demurrer. It is enough that without them a cause of action is shown against both defendants, and the prayer for judgment determines the character of the action.

But it is unnecessary to reject any allegations of the complaint; as a whole, it shows a good cause of action against both defendants. It is not true that by a proper construction of the act upon which the action is founded, that the manager of the enumerated exhibitions, and the owner of the place of exhibition, are liable to separate penalties. The act contemplates only one offense,—the opening of a theater, circus, &c., for theatrical or equestrian exhibitions, without a license therefor being first obtained; but *two* classes of offenders, viz., managers and owners, uniting to commit it. In such case it is well settled that the offense, being in its nature one and entire, the penalty is one, and several penalties cannot be imposed on the several offenders.

In any view that may be taken of the case the demurrer was properly overruled.

The judgment should be affirmed.

All the judges concurred.

Judgment affirmed, with costs and ten per cent. damages.